**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALBERT D. TANNER,**

        **Plaintiff,**

  vs.                                               **Civil Action 2:07-CV-711
                                                        Judge Watson
                                                        Magistrate Judge King**

**MUSKINGUM COUNTY COURT OF
COMMON PLEAS,** *et al.***,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

        Plaintiff, a state prisoner, brings this civil rights action for money damages under 42 U.S.C. §1983, alleging that he was denied his constitutional rights in connection with an unlawful sentence, as evidenced by this Court's grant of a petition for writ of habeas corpus filed by petitioner, *Tanner v. Warden, Noble Correctional Institution,* C-2-05-76. Because all named defendants are immune from suit or liability, this Court **RECOMMENDS** that the action be **DISMISSED.**

        The complaint seeks only money damages and names as defendants the Muskingum County Court of Common Pleas, officials of the Muskingum County Prosecutor's Office, three judges of the state court of appeals and the Chief Justice of the Ohio Supreme Court. Prosecuting officials enjoy absolute immunity from money damages in connection with actions taken by them during the course of their prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409 (1976). Similarly, judges are absolutely immune from liability for money damages for actions taken within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967); *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). Finally, a state court is not

a "person" subject to suit under §1983, *Mumford v. Babinski,* 105 F.3d 264, (6th Cir. 1997), and enjoys Eleventh Amendment immunity from suit under §1983 in federal court.  *Foster v. Walsh,* 864 F.2d 416 (6th Cir. 1988) (*per curiam*).

It is therefore **RECOMMENDED** that this action be **DISMISSED.**

**The Clerk shall mail a copy of the complaint and of this *Report and Recommendation* to all named parties.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

July 30, 2007                                          *s/Norah McCann King*
                                                       Norah McCann King
                                                       United States Magistrate Judge