IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALBERT D. TANNER,

    Plaintiff,

vs.                                  Civil Action 2:07-cv-711
                                  Judge Watson

MUSKINGUM COUNTY COURT OF
COMMON PLEAS, et al.,

    Defendants.

## OPINION AND ORDER

On July 30, 2007, the United States Magistrate Judge issued a *Report and Recommendation* recommending that this action be dismissed. Doc. No. 5. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* Doc. No. 7, which this Court will review *de novo.* 28 U.S.C. §636(b).

This civil rights action under 42 U.S.C. §1983 arises out of a habeas corpus action filed by plaintiff in this Court, *Tanner v. Wolfe,* C-2-05-0076. In that action, the Court issued a conditional writ of habeas corpus on the claim that petitioner's state sentence violated *Blakely v. Washington,* 542 U.S. 296 (2004). *Tanner v. Wolfe,* C-2-05-77 (S.D. Ohio, February 23, 2007), Doc. No. 37. Petitioner was eventually re-sentenced by the Court of Common Pleas for Muskingum County. *Id., Exhibit A,* attached to Doc. No. 43.

Plaintiff then instituted this civil rights action under 42 U.S.C. §1983, seeking monetary damages and alleging that this Court's grant of habeas corpus relief conclusively established that plaintiff's rights under the Constitution had been denied in connection with his state court criminal proceedings. The original *Complaint* named as defendants the Muskingum County Court of Common Pleas, petitioner's sentencing judge, the prosecuting attorney for Muskingum

County, three judges of the state court of appeals and the Chief Justice of the Ohio Supreme Court, in their individual and official capacities. The *Report and Recommendation* recommended that the case be dismissed on the basis that all named defendants are either immune from suit or from liability for monetary damages, the only form of relief sought in the action. In his objections, plaintiff challenges the reasoning of the Magistrate Judge.

<u>Muskingum County Court of Common Pleas.</u> Citing <u>Mumford v. Babinski</u>, 105 F.3d 264 (6th Cir. 1997), the Magistrate Judge concluded that the defendant court is not a "person" subject to suit under §1983 and enjoys Eleventh Amendment immunity from suit in federal court. *Report and Recommendation,* at pp. 1-2, Doc. No. 5. Plaintiff argues that *Mumford* was overruled by *Alkire v. Irving,* 330 F.3d 802 (6th Cir. 2003). Plaintiff is mistaken.

*Mumford* held that an Ohio Court of Common Pleas is an arm of the State of Ohio and therefore immune from suit under the Eleventh Amendment. *Alkire* ordered further proceedings to determine if an Ohio county court is likewise an arm of the state for purposes of Eleventh Amendment immunity. The three judge panel in *Alkire* did not -- and indeed could not -- overrule the prior precedent of *Mumford. S.J. v. Hamilton Cty., Ohio,* 374 F.3d 416, 421 (6th Cir. 2004); *Triplett v. Connor,* 109 Fed. Appx. 94, 96n.4 (6th Cir. 2004). The United States Court of Appeals for the Sixth Circuit has, on at least two occasions since *Alkire*, reaffirmed the holding in *Mumford* that an Ohio Court of Common Pleas is an arm of the state entitled to Eleventh Amendment immunity from suit in federal court. *Triplett v. Connor, supra; Meyers v. Franklin County Court of Common Pleas,* 81 Fed. Appx. 49, \*\*6 (6th Cir. 2003). *See also Central Ohio Alternate Program v. Ballinger,* 2007 WL 846506, \*4 (N.D. Ohio 2007)(Ohio Municipal Court is entitled to Eleventh Amendment immunity).

*Mumford,* which remains precedent in the Sixth Circuit, is directly on point on plaintiff's claim against the defendant court and requires the dismissal of that claim. Plaintiff's objection to the *Report and Recommendation* in this regard is therefore **OVERRULED.**

2

Judges of the State Courts. The Magistrate Judge reasoned that state court judges acting within their judicial capacity are absolutely immune from liability for monetary damages for such actions, citing *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967); *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). In his objection, plaintiff confuses the concepts of absolute immunity with the concept of qualified immunity, *see Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982), and argues that the defendant judges cannot claim immunity because, as his habeas corpus action demonstrated, the original sentence imposed on plaintiff was unconstitutional. This Court agrees with the reasoning of the *Report and Recommendation.* The defendant judges, in passing on plaintiff's original sentence, were unquestionably acting within their judicial capacity.

Proceedings associated with sentencing are unquestionably judicial functions for which a state court judge is entitled to absolute immunity from monetary liability, even if the sentence is later determined to be improper. *See Stump v. Sparkman,* 435 U.S. at 360 (an act is "judicial" if it is one normally performed by a judicial officer and if the parties deal with the judge in his or her judicial capacity). *See also Sadoski v. Mosley,* 435 F.3d 1076, 1079 (9th Cir.), *cert denied,* 126 S.Ct. 2864 (2006) (a judge who sentences in excess of jurisdiction is nevertheless entitled to absolute immunity). Plaintiff's objection in this regard is without merit. The state court judges are therefore absolutely immune from liability for damages in their individual capacities. Plaintiff's objection to the *Report and Recommendation* in this regard is therefore **OVERRULED.**

County Prosecutor. The *Report and Recommendation,* citing *Imbler v. Pachtman,* 424 U.S. 409 (1976), concluded that the defendant prosecutor is also absolutely immune from liability for monetary damages in connection with plaintiff's original sentence. While plaintiff generally agrees that prosecutors enjoy such immunity for actions taken in connection with prosecutions, plaintiff contends that the defendant prosecutor is not entitled to immunity in this instance because his "involvement was opposing relief for a constitutional deprivation and contrary

3

to clearly established federal law." *Objections,* at p.3, Doc. No. 7.

Sentencing, and proceedings in connection with sentencing or on appeal, are unquestionably part of a criminal prosecution. This Court agrees with the Magistrate Judge that the defendant prosecutor is therefore entitled to absolute immunity on plaintiff's claim against him. To this extent, then, plaintiff's objection to the *Report and Recommendation* is **OVERRULED.**

The *Report and Recommendation* is therefore **ADOPTED** and **AFFIRMED.** The claims against all the named defendants are **DISMISSED.**

Perhaps anticipating this resolution of his objections, plaintiff also filed a motion for leave to file an amended complaint. Doc. No. 6. The *Amended Complaint,* attached to the motion, does not assert any new claims or allegations, but purports to add "Doe Defendants," who are otherwise unidentified, even by office or actions. It is not apparent to this Court that any such additional defendant, even if identified by plaintiff, would not also be entitled to the immunity from suit or monetary liability discussed *supra.* Under these circumstances, the Court concludes that the proposed amendment would be futile and plaintiff's motion for leave to amend, Doc. No. 6, is **DENIED.**

Moreover, plaintiff's motion for summary judgment, Doc. No. 8, and motion for default judgment, Doc. No. 9, are **DENIED** as moot.

The Clerk shall enter **FINAL JUDGMENT** in this action.

Moreover, the Court concludes that an appeal from the judgment entered in this action would not be taken in good faith. *See* 28 U.S.C. §1915(a).

The Clerk is **DIRECTED** to mail a copy of this *Opinion and Order* to plaintiff as well as to each of the named defendants.

Michael H. Watson
United States District Judge

4